No. 45,287

DANIEL R. DENNELER, *Plaintiff*, v. AUBEL DITCHING SERVICE, INC., WM. F. AUBEL, BETTY J. AUBEL, JOHN R. PFANNENSTIEL, AUBEL ASPHALT, INC., and AUBEL ASPHALT PAVING AND DITCHING SERVICE, *Appellants*,

v.

CATERPILLAR TRACTOR COMPANY, a corporation, and FOLEY TRACTOR COMPANY, INC., a corporation, *Appellees.*

(453 P. 2d 88)

Opinion filed April 12, 1969.

*J. Eugene Balloun*, of Great Bend, argued the cause, and *Lee Turner* and *Max E. Eberhart*, both of Great Bend, were with him on the brief for the appellants.

*Thomas J. Berscheidt*, of Great Bend, argued the cause, and *Tudor Hampton* and *Jerry Ward*, both of Great Bend, were with him on the brief for the appellee, Caterpillar Tractor Company.

*Thomas C. Boone,* of Hays, argued the cause and was on the brief for appellee, Foley Tractor Company, Inc.

No appearance for the plaintiff, Daniel R. Denneler.

The opinion of the court was delivered by

PRICE, C. J.: This is an action to recover damages resulting from a highway collision.

The appeal is by the original defendants from an order dismissing their petition against third-party defendants.

On February 9, 1967, plaintiff Denneler filed the action against Aubel Ditching Service, Inc., and other defendants—including John R. Pfannenstiel—the employee of defendants Aubel.

The petition alleged that in the nighttime on or about February 9, 1965, plaintiff, while driving on a highway near Hays, was involved in a collision with a motor grader owned by defendants Aubel and being driven by their employee—defendant Pfannenstiel.

The petition further alleged that the negligence of defendants in the operation of the motor grader was the sole and proximate cause of the collision and resulting injuries, and consisted of the following:

Failure to display the lights required for nighttime as set forth in K. S. A. 8-581; driving and knowingly permitting the motor grader to be driven on the highway in an unsafe and ill-equipped condition in violation of K. S. A. 8-580; failure to equip the road grader with lighting as required by K. S. A. 8-588; failure to keep a proper lookout for other vehicles; failure to use due care; operating the road grader on the highway in negligent disregard of the rights and safety of others; operating the road grader on the highway at the time and place knowing that it could not be seen by other motorists in the nighttime so as to avoid an accident; driving at a rate of speed other than reasonable and prudent under the circumstances; failure to display lights, lamps and illuminating or other warning devices on the road grader so as to warn approaching traffic in time to avoid a wreck, and failure to display and operate lamps or flags at the rear and sides of the road grader as prescribed by K. S. A. 8-585.

Defendants' answer admitted the fact of the collision, but specifically denied plaintiff's allegations of negligence, and alleged that plaintiff's negligence was the direct and proximate cause of the collision and resulting injuries.

Later, defendants filed a motion for leave to make Caterpillar Tractor Company and Foley Tractor Co., Inc., parties to the action and that summons and a third-party petition be served upon them.

This motion was allowed, and defendants (as third-party plaintiffs) filed their third-party petition against Caterpillar and Foley as third-party defendants. This petition alleged—

"1. That if in fact the accident occurring on or about February 9, 1965, as complained of in plaintiff's petition, was caused or contributed to by the lights, lamps, or illuminating devices on said road grader as alleged in plaintiff's petition herein, said damage was caused or contributed to by third-party defendants, Caterpillar Tractor Company, manufacturer, and Foley Tractor Co., Inc., distributor, of said motor grader, in breach of implied and express warranty of merchantability and fitness for use on the part of such third-party defendants.

"2. If defendants were guilty of negligence, which they deny, it was only passive negligence and the negligence of third-party defendants, Caterpillar Tractor Company and Foley Tractor Co., Inc., was the active and primary negligence causing injury to plaintiff, Daniel R. Denneler. If defendants are liable, the third-party defendants, Caterpillar Tractor Company and Foley Tractor Co., Inc., are liable over to defendants for any judgment rendered in favor of plaintiff.

"WHEREFORE, and by reason of the foregoing defendants, and each of them, pray that they have and recover judgment of and from the third-party defendants, and each of them, for any sum determined to be due and owed by defendants to the plaintiff herein, and their costs."

Caterpillar and Foley filed motions to dismiss the third-party petition against them.

During the argument on the motions to dismiss the court remarked that "it is quite possible that the third party defendants will go out unless the plaintiff has a cause against the third parties." In ultimately ruling, however, the court stated—

"In Kansas, the law recognizes no contribution between joint tort feasors as such when they are in pari delicto. This case is distinguished from the case of Russell against Community Hospital, 199 Kan. 251. In the Russell Case the plaintiff's petition alleged negligence 'in the construction of' the steps causing the plaintiff's fall and the third party petition was against the contractor who constructed the steps and the court recognized a right of indemnity because the hospital and the contractor were not in pari delicto, and in view of the implied warranties of the contractor in the construction of the steps.

"In the instant case, the case before the court here, the plaintiff's petition alleges only negligence of the defendant[s], as set out in the petition, in the operation of the motor-grader, and specified 10 allegations of negligence, all of which allege violations of Kansas traffic regulations and acts of commission and omission of defendants named in the petition. There is no allegation of defective equipment or construction.

"If the defendant[s] in this case should have a cause of action against a third party, the same should be brought in a separate action for trial in a separate trial."

Accordingly, defendants' third-party petition against Caterpillar and Foley was dismissed.

Defendants have appealed.

Involved here is a provision of K. S. A. 60-214 ($a$) which reads—

"*When defendant may bring in third party.* At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. . . ."

The statute was dealt with in *Alseike v. Miller*, 196 Kan. 547, 412 P. 2d 1007, which was a negligence action arising out of an automobile collision. For a detailed recital of the facts reference is made to the opinion. For our purposes it is sufficient to say that in that case the original defendant sought by way of a third-party petition—to bring into the case parties who were simply alleged joint tort-feasors. On motion of the third-party defendants the third-party petition was dismissed. Defendant appealed from the order of dismissal. This court affirmed—following the rule that in Kansas there is no right of contribution between joint tort-feasors, and that where no right of contribution exists a defendant has no right to bring in under the provisions of K. S. A. 60-214 ($a$) a joint tort-feasor who was not made a party by the plaintiff.

It also was held that the statute pertains to procedure only and creates no substantive rights, and that third-party practice under the statute is merely a procedural device whereby a party (a defendant) to an action may bring in an additional party and claim against such party because of a claim that is being asserted (by the plaintiff) against the original (a defendant) party.

It was further held that although it is the purpose of the statute to permit the entire controversy to be determined in a single proceeding, it is only the liability of the third-party defendant to the original defendant for the original defendant's liability to the plaintiff that is to be determined.

If, under the allegations of the pleadings in the case before us Caterpillar and Foley were simply joint tort-feasors—then, under the rule of the *Alseike* case defendants had no right under the statute to bring them in as third-party defendants—and the third-party petition was properly dismissed.

We hold, however, that under the allegations in question Caterpillar and Foley are not to be considered as joint tort-feasors.

In *Russell v. Community Hospital Association, Inc.*, 199 Kan. 251, 428 P. 2d 783, plaintiff sued the hospital for personal injuries sustained when he fell on outdoor steps which led to the parking lot. His petition alleged negligence on the part of defendant "in the construction, operation and maintenance of said stairway" upon which his alleged fall occurred.

In its answer defendant specifically denied that it constructed the stairway and denied negligence in the construction, operation and maintenance of it. The answer further alleged that if the stairway was improperly constructed the responsibility therefor was with the general contractor and architect who designed and constructed it.

Thereafter defendant hospital filed a third-party petition against the contractor and architect as third-party defendants alleging that if any negligence as charged by plaintiff was found to exist, it was properly the negligence and responsibility of such third-party defendants.

On motion of the contractor and architect the third-party petition against them was dismissed.

The hospital (original defendant) appealed from the order of dismissal.

This court held that the third-party petition was properly filed and that it was erroneously dismissed. In the syllabus it was held:

"3. Where the pleadings in third-party practice disclose that the negligence of the third-party defendant may prove to be the primary or active cause of the injury and the original defendant, as the third-party plaintiff, would be entitled to indemnity, the third-party complaint is not one designed to exact contribution between joint tort-feasors, but one designed to seek indemnity from the third-party defendant by reason of his primary liability, and the third-party complaint comes within the provisions of K. S. A. 60-214 (a).

"4. The provision in K. S. A. 60-214 (a), authorizing any party to move for dismissal of a third-party claim, does not grant the trial court discretionary power on the third-party defendant's motion to dismiss a third-party complaint, where the third-party complaint is properly filed in the action."

In other words, it was held that defendant hospital's claim against the contractor and architect (as third-party defendants) was a claim for indemnity arising out of separate and distinct negligence and not out of a *pari delicto* relation. Here—as in the *Russell* case—we are not at liberty to speculate as to what the evidence may eventually establish concerning the alleged negligence of defendants—prior to discovery proceedings and pretrial. The plead-

ings must be taken at their face value. So construed, we believe that under the rule of the *Russell* case and the authorities there cited and also in the *Alseike* case relating to the right of indemnity—the third-party petition before us states a claim for indemnity against the third-party defendants—and therefore was erroneously dismissed.

The order of dismissal is reversed.