No. 45,509

WALLACE MCKINNEY, Administrator of the Estate of Alene Horton, Deceased, *Appellant,* v. LARRY MILLER, *Appellee.*

(464 P. 2d 276)

Opinion filed January 24, 1970.

*Harrison Smith,* of Garden City, argued the cause and was on the brief for the appellant.

*Evart Mills,* of McPherson, argued the cause, and *Michael T. Mills,* and *William S. Mills,* both of McPherson, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: The question here is whether contribution is authorized between joint judgment debtors where the judgment rendered was in a tort action.

Trial was to the court upon stipulated facts which may be summarized as follows: On April 19, 1966, a collision involving three automobiles occurred on U. S. Highway 54 three miles west of Liberal, Kansas, in which several persons were killed or injured. Drivers of the three vehicles were Herbert Goggans, Alene Horton and Larry Miller. Alene Horton was among those killed in the collision and Wallace McKinney was appointed administrator of her estate. Mrs. Herbert Goggans was also killed in the collision.

Herbert Goggans and the representative of his deceased wife brought a damage action against both the estate of Alene Horton and Larry Miller. In this action Alene Horton and Larry Miller were both found guilty of negligence and Herbert Goggans and his wife's representative recovered a judgment against the Horton estate and Larry Miller for $38,000. An execution upon this judgment was issued against the Horton estate with the result the administrator of that estate (through the liability insurance carrier of the Horton vehicle) paid the Goggans family the sum of $35,858 in full settlement and satisfaction of the judgments obtained by them against the Horton estate and Miller.

The parties to this appeal have incorporated in the record on

appeal a statement that the Goggans action was consolidated for trial with other actions filed in the trial court against Larry Miller alone. In these latter actions additional judgments totaling $106,000 were rendered against Miller and in favor of certain passengers in the Alene Horton automobile. Compromise settlement of these additional judgments has been made by Miller's liability insurance carrier. These judgments and their satisfaction are not of moment to the legal issue in this appeal and we mention them only because the parties have done so by way of supplying the background of this lawsuit.

Thereafter the plaintiff herein, administrator of the Horton estate, brought this action against Larry Miller, his joint judgment debtor in the Goggans action, to recover one-half the amount paid by plaintiff in satisfaction of that judgment, or the sum of $17,929 with interest and cost of suit.

Upon issues joined, the trial court denied contribution and entered judgment for defendant. Plaintiff has appealed.

The defendant, in support of the trial court's ruling, cites a general statement of law set forth in *Alseike v. Miller*, 196 Kan. 547, 412 P. 2d 1007, as follows:

"Kansas adheres to the common law rule that there is no right of contribution between joint tortfeasors. . . ." (Syl. ¶ 4.).

which statement was reiterated in *Russell v. Community Hospital Association, Inc.*, 199 Kan. 251, 428 P. 2d 783, and *Denneler v. Aubel Ditching Service, Inc.*, 203 Kan. 117, 453 P. 2d 88.

Every statement in a judicial opinion must be interpreted in the light of the structure of the particular case then before the court; otherwise a phrase meaningful for one case might erroneously become dogma for all cases despite essential differences.

The cited cases were all third-party practice cases under K. S. A. 60-214 (*a*). In *Alseike* the original defendant in a tort action sought by way of third-party petition to bring into the case parties whom the plaintiff had not named as defendants who were simply alleged by the defendant to be joint tortfeasors. On motion of the third-party defendants the third-party petition was dismissed. Upon appeal this court affirmed, pointing out that 60-214 (*a*) did not create any substantive rights but merely provided a permissive procedural device whereby a party to an action may bring in an additional party and claim against such party because of a claim asserted against the original party; that, although it is the purpose of

60-214 (*a*) to permit the entire controversy to be determined in a single proceeding, it is only the liability of the third-party defendant to the original defendant for the original defendant's liability to the plaintiff that is to be determined, and that, where, as in Kansas, no right of contribution exists as between joint tortfeasors, a defendant has no right under 60-214 (*a*) to bring in a joint tortfeasor who was not made a party by the plaintiff. In *Alseike* the third parties from whom the defendant asserted a right to contribution never became joint judgment debtors of the original plaintiff. In *Russell* and *Denneler* third-party petitions designed generally to seek indemnity from a third-party defendant because of his primary liability were held to be within the purview of 60-214 (*a*), distinction being made in third-party practice between such a right of indemnity and the right of contribution among tortfeasors guilty of a joint wrongdoing.

Hence the broad general statement, correctly applied in the cited cases in the absence of judgments against joint wrongdoers, that Kansas adheres to the common law rule there is no right of contribution between joint tortfeasors supplies no solution to the case at bar in which the party against whom the right to contribution is sought to be enforced was initially sued by the injured parties and became a joint judgment debtor of those parties.

The answer lies in the interpretation to be given K. S. A. 60-2413, which provides:

"*Contribution between joint obligors.* (*a*) *Generally.* Persons jointly liable to another in contract are entitled to contribution among themselves as heretofore recognized by principles of equity. Such right of contribution may be asserted in separate actions or by way of cross-claim, interpleader, or intervention under the provisions of article 2.

"(*b*) *Judgment debtors.* A right of contribution or indemnity among judgment debtors, arising out of the payment of the judgment by one or more of them, may be enforced by execution against the property of the judgment debtor from whom contribution or indemnity is sought."

Defendant contends that since the foregoing two sections are a part of the same statute they should be read together and such reading limits contribution to joint liability in contract. This view is not without support (see Gard's Kansas Code of Civil Procedure, p. 816). The argument is made that the right of contribution mentioned in subsection (*b*) refers to the right of contribution recognized by subsection (*a*).

However, we are not without precedent on the matter. In *Fort*

*Scott v. Railroad Co.,* 66 Kan. 610, 72 Pac. 238, a plaintiff sued the city of Fort Scott and the railroad company jointly for damages caused by the negligence of both and recovered a judgment against both defendants. An execution being issued upon the judgment, the railroad company paid it in full and sued the city for contribution. The trial court gave the railroad company judgment for one-half the amount it had paid in satisfaction of the joint judgment. Upon appeal the city urged reversal "for the reason there can be no contribution between joint tort-feasors" (p. 611). This court affirmed, holding that the code of civil procedure gives the right to compel contribution among judgment debtors irrespective of the character of the demand in which the judgment originated. The court, speaking through Justice Mason, further stated:

"The statute in terms covers all kinds of judgments. No exception is made. We think it applies to judgments rendered in actions sounding in tort as well as to those based upon contract." (pp. 611-612.)

The statute referred to was section 480 of the code of civil procedure (G. S. 1901, § 4926), which is the predecessor of and, except for some refinement, contains substantially the same language as K. S. A. 60-2413 (*b*).

In enacting the latter statute in 1963 the legislature was not unaware of the *Fort Scott* case. The advisory committee for our present code of civil procedure, in submitting its proposals to the legislature, had this to say about the section which with modification later became K. S. A. 60-2413:

"It [G. S. 1949, 60-3437] provided for contribution only among judgment debtors. The Kansas Supreme Court in Ft. Scott v Kansas City, Ft. S. & M. R. Co. 66 K 610, 72 P 238, held that it applied to tort judgments as well as to contract judgments, although there was no contribution among joint tortfeasors at common law. . . ." (Gard's Kansas Code of Civil Procedure, Advisory Committee Notes, p. 815.)

In enacting K. S. A. 60-2413 (*a*) in its present form the legislature merely declined to change the prior law respecting contribution generally (see *Alseike v. Miller,* supra, p. 550), giving implicit expression to the common law rule that in the absence of a judgment against them there is no right of contribution between joint tortfeasors. Likewise, we find nothing either in the language or sequence of 60-2413 (*b*) to indicate any change in the prior law. As indicated by their subtitles subsection (*a*) refers to contribution generally while (*b*) relates specifically to contribution among judgment debtors when one has paid the judgment. Both sections

are of equal standing. Subsection (*b*) contains no reference, directly or indirectly, to (*a*) and we see nothing to indicate any such reference is implicit or was intended. The language in (*b*) is clear and unambiguous: "A right of contribution . . . among judgment debtors . . . may be enforced. . . ." In the language of Justice Mason, "The statute in terms covers all kinds of judgments. No exception is made."

We hold then that where a joint judgment is rendered in an action founded upon tort, contribution between the joint judgment debtors is authorized by K. S. A. 60-2413 (*b*).

All facts being stipulated, the judgment must be reversed with directions to enter judgment for plaintiff as prayed for. It is so ordered.

APPROVED BY THE COURT.


SCHROEDER, J., dissenting: In my opinion the court misconstrues the legislative intent in K. S. A. 60-2413 (*b*). The construction of this section of the statute is the only point of law presented on appeal.

When the case of *Fort Scott v. Railroad Co.*, 66 Kan. 610, 72 Pac. 238, was decided, the section in the code of civil procedure giving rise to the decision was the predecessor of and appeared as G. S. 1949, 60-3437. Upon enactment of the new code of civil procedure the old code was repealed. (L. 1963, ch. 303, § 60-2609.) Therefore, when G. S. 1949, 60-3437 was repealed the decisions construing it fell with its repeal.

A review of the history of K. S. A. 60-2413 (*a*) and (*b*) makes it apparent the legislature did not intend to re-enact G.S. 1949, 60-3437 as construed by the *Fort Scott* case.

The new code of civil procedure as originally drafted was the product of the Kansas Judicial Council, and when it was submitted to the legislature by the Judicial Council and recommended for adoption, the section on contribution between joint obligors was 60-2513. The caption and text of this section as submitted to the legislature read as follows:

"60-2513. *Contribution Between Joint Obligors. (a) Generally.* Persons jointly liable to another [whether] in contract [or in tort, except for torts intentionally inflicted,] are entitled to contribution among themselves as heretofore recognized by principles of equity [in obligations arising out of contract]. Such right of contribution may be asserted in separate actions or

by way of cross-claim, interpleader, or intervention under the provisions of article 2. [Brackets added.]

"(*b*) *Judgment Debtors.* A right of contribution or indemnity among judgment debtors, arising out of the payment of the judgment by one or more of them, may be enforced by execution against the property of the judgment debtor from whom contribution or indemnity is sought." (J. C. B., November, 1962, Special Report, Recommendations, p. 38.)

The committee notes appended to this section in the Judicial Council Bulletin read as follows:

"This section takes the place of G. S. 60-3437, which has been considered grossly inadequate. The present section extends the right of contribution to joint tortfeasors on well-known principles of equity heretofore applicable only to contract liability. No judgment is necessary in order for the remedy of contribution to be available. If one of several discharges the joint liability he may have contribution from the others. Rights of indemnity are not affected." (J. C. B., November, 1962, Special Report, pp. 38, 39.)

The legislature upon enactment of the new code of civil procedure eliminated the words in brackets found in 60-2513 (*a*) above, which now appears as K. S. A. 60-2413 (*a*). Paragraph (*b*) was not changed.

It is to be noted the captions in the new code of civil procedure were provided by the legislature when the new code was enacted. Therefore, the caption "Contribution between joint obligors" was intended to cover both paragraphs (*a*) and (*b*) in the section. Paragraph (*a*) refers to contribution between joint obligors generally, and paragraph (*b*) refers to contribution between joint obligors who are judgment debtors indicating how the "right of contribution" "may be enforced" where the judgment is paid by one or more of the joint obligors.

As the section was originally submitted to the legislature by the Judicial Council paragraph (*b*) was clearly dependent upon paragraph (*a*), and the elimination of the words in brackets, heretofore mentioned, did not change the basic intent of the two paragraphs in this section. In other words, paragraph (*b*) is dependent upon paragraph (*a*) and paragraph (*b*) is thereby limited to contribution between judgment debtors who are jointly liable in contract, the legislature in paragraph (*a*) having specifically eliminated the right of persons jointly liable in tort to contribution.

Gard, in his commentary in the Kansas Code of Civil Procedure Annotated, says:

". . . The express retention of the common-law principle of contribution among persons jointly liable in contract, and the exclusion of any reference to tort liability, would seem strongly to imply that there should be no contribution among joint tort feasors even when there is a judgment against them. At least that appears to be the meaning upon the face of the provision. 'A right of contribution' mentioned in subsection (b) plainly refers to the right of contribution recognized by subsection (a), so that resort to execution among judgment debtors would seem not to be available except to enforce a right of indemnity. If this is true the decision in Ft. Scott v. Kansas City, Ft. S. & M. R. Co., cited in the committee notes, supra, is overruled by this section. Only a supreme court decision can straighten it out.

"Even under the former law it was an anomalous condition to have partial contribution in tort. The old law gave the plaintiff control over contribution in tort cases by electing to sue less than all of several joint tortfeasors. There was contribution between those against whom the judgment was rendered but none against the others who were not sued, and who frequently were the most culpable.

"One reason why contribution on broad conventional grounds has not been feasible in Kansas heretofore was the lack of third party procedures through which the right could be enforced. Such procedures are now available through interpleader, cross-claims, and intervention, so that an acceptable tortfeasor contribution act probably is indicated now as a desirable improvement in Kansas jurisprudence." (§ 60-2413, pp. 816, 817.)

The court in its opinion relies upon the *Fort Scott* case as precedent for its decision, thereby resurrecting a dead horse.

It is respectfully submitted the judgment of the lower court should be affirmed.

PRICE, C. J., joins in the foregoing dissenting opinion.