No. 46,809

Carol Lenhart, *Appellee,* v. Mary H. Owens, a minor, and Dr. Robert H. Owens, and Ford Motor Company, *Appellants.*

(507 P. 2d 318)

Opinion filed March 3, 1973.

*R. Kent Sullivan,* of Payne & Jones, Chartered, of Olathe, argued the cause, and *Max Logan* and *Keith Martin,* of the same firm, were with him on the brief for appellants, Mary H. Owens and Dr. Robert H. Owens.

*Don B. Roberson,* of Kansas City, Missouri, argued the cause and *Roger W. Noonan,* of Olathe, was with him on the brief for appellant, Ford Motor Company.

*Richmond M. Enochs,* of Overland Park, argued the cause and was on the brief for the appellee.

*Per Curiam:* The plaintiff, Carol Lenhart, was injured while sitting in her stopped car waiting on a traffic light. The collision causing the injury was the result of the failure of the brakes on the car driven by the defendant, Mary Owens.

Mary's father was sued as owner of the car, along with Mary as driver. She is charged with negligence in operating the vehicle with knowledge that the brakes were faulty and unsafe. The claim against Dr. Owens is predicated on his negligence in permitting his car to be driven by Mary when he knew of the faulty condition of the brakes.

The jury returned a verdict for the plaintiff against Mary Owens,

Dr. Owens, and against the Ford Motor Company. These defendants are the appellants.

So far as the claim against Mary Owens and her father is concerned the only question is whether there was enough evidence to support the jury verdict. That phase of the case can be disposed of very quickly. The issues of negligence were properly submitted under instructions which were not challenged. No trial errors are alleged. An examination of the record shows ample evidence to make a submissible issue of negligence for the jury as to both Mary and Dr. Owens. Accordingly, the judgment against them should be affirmed.

The second aspect of the appeal has to do with the merits of the verdict in favor of the plaintiff against the Ford Motor Company. The record presents a picture which is quite unusual to say the least.

Initially the plaintiff did not sue Ford. The motor company was brought into the case by Mary Owens and her father as a third-party defendant. The third-party claim reduces to that of breach of implied warranty by Ford in selling a vehicle with a defective braking system, with an indemnity liability over to the Owens defendants.

After the third-party claim was lodged the plaintiff filed an amended petition joining the Ford Motor Company as a principal defendant and charging negligence in manufacture as a proximate cause of the collision. But the pretrial proceedings brought about a metamorphosis and we find the issue of Ford's liability to the plaintiff being submitted to the jury, not specifically on negligence, but on the theory of breach of warranty, express or implied, *to the plaintiff*. But the Ford Motor Company acquiesced in this concept of its responsibility and, although a point was made of it in a specification for review, the acquiescence was confirmed by abandonment of the point in its brief.

As between the plaintiff and the Ford Motor Company there remain for disposition the three points asserted by Ford, two of them going to questions of evidence.

Ford claims, first, that the testimony of the expert, Matthews, who found a defective "piston cup" in the brake cylinder which he blamed for the power-brake failure, should be stricken because there was no foundation proof to show that the "cup of the master cylinder was in a condition identical to or substantially identical to the condition of the piston cup following the accident in question."

The inference from the wording of the Ford objection is that the

piston cup in the brake cylinder was the same cup and in the same condition at the time of the accident as at the time of manufacture. The implied suggestion is that after the accident the cup in the cylinder was somehow exchanged for the defective cup found by the witness. The suggestion is not plausible. Patterns of wear on the piston itself indicated to the witness that the piston had been installed three times, once at the time of manufacture and twice upon reassembly. But the defect found was a structural one in the "cup" itself and the assembly or reassembly of the piston was not considered to be a relevant circumstance. Only the substitution by someone of a defective cup for a perfect one could have rendered the testimony valueless.

There is no presumption of misconduct by some unknown person in manipulating the brake cylinder after the accident in order to make a false case against Ford for implied warranty. The presumption is the other way. It must be considered that the cup was the same cup and that its defective condition continued to be the same at the time Matthews examined it as it was prior to the accident, in the absence of evidence that the defective cup was substituted. The burden of producing evidence rested on Ford to show this. This is true even though the vehicle had been purchased by and was in the possession of the Owen's insurance carrier for a period of time after the accident and before the witness examined the brake assembly which he removed from it for that purpose.

Since the foundation proof was adequate and Mr. Matthews was a qualified expert, his opinion testimony supports the verdict against Ford.

The second point relates to the exclusion of certain testimony offered by Ford's expert witness, Strejan, relating to the heating of brake fluid and possible braking failure resulting from the driving habit of simultaneous pressure on the brake pedal and the accelerator. The testimony was properly excluded for the reason that there was no evidence that the defendant, Mary Owens, was guilty of this driving practice and the opinion of the witness on this point would have been valueless as irrelevant and speculative.

The Ford Motor Company's third point is that since the verdict established the liability of the Owens defendants on the basis of negligence in the operation of the vehicle the Ford Motor Company is discharged as a matter of law from liability to the plaintiff. As between the plaintiff and Ford this point is not good.

The effect of the verdict is to establish concurrent cause and effect liability as to Owens from the negligent operation of a vehicle with knowledge of the defect on the one hand, and the faulty manufacture by Ford on the other. The defect in the brakes was a passive, though contributing, cause of injury. The defect in itself could not cause injury unless the vehicle was being operated. The two factors operating together concurred to cause the damages to the plaintiff.

The specifications of error having been resolved against the appellant, Ford Motor Company, the plaintiff's judgment against Ford must be affirmed. We wish to make it clear, however, that this affirmance is predicated on the record as we find it which shows submission of the issues on instructions as to which there was no objection by any party.

The final point is the cross-claim of the Owens defendants against Ford Motor Company. They say the trial court erred in not granting them an indemnity judgment and that this court should do so now on the record, although the trial court expressly reserved the indemnity issue pending the outcome of the liability trial.

We find that we can resolve this issue on the present record but not on the basis of granting indemnity.

It does not follow that because the liability of both Owens and Ford to the plaintiff has been established, there is a resultant liability in indemnity on the part of Ford and Owens. Such a result could be only on the basis of the Ford fault being the primary, moving, proximate cause of the collision. In this case the two causes were concurrent, the immediate proximate cause being the operation of the defective vehicle with knowledge of the defect.

True, the cross-claim of Owens (originally third-party plaintiffs) is predicated on breach of warranty. It was broadly conceded that if there was a breach of express warranty, contributory negligence by the driver of the vehicle would not bar indemnity recovery. But such a rule, if it is good law, could hardly apply to the kind of driver negligence we find here—driving with knowledge of the defect. Furthermore, it does not apply in this case where evidence of express warranty was lacking and where the liability of all of the appellants to the plaintiff was necessarily predicated upon their concurrent faults, whether they be defined as tortious or arising out of breach of implied warranty. The issue of the operator's negligence has been resolved by the verdict against the operator and

the owner, and it follows that as a matter of law, the indemnity claim has likewise been determined against Owens.

The accident occurred in Missouri. We are not favored with briefs on the applicable Missouri law. But we mention the Tenth Circuit decision in *Allied Mutual Casualty Corp. v. General Motors Corp.*, 279 F. 2d 455, construing the Missouri law and which is entirely consistent with our findings in this case. That case holds that where the defendants are in *pari delicto* there is no right of indemnity, but if the negligent conduct of the driver of a vehicle with faulty brakes consisted solely in operating it *without knowledge of the defect* indemnity would be available.

We need not be concerned here with the problem arising in the typical products liability case, from the contributory negligence of the user or consumer of the product as a defense against his claim. This is not that kind of a case. Even in the far-reaching decision of *Luque v. McLean*, (Cal. 1972), 501 P. 2d 1163, it was recognized that the assumption of risk defense was available, even though the user of a product (a power mower) with a patent defect need not anticipate the defense and prove that he was not aware of the defect, in relying on the principle of *strict liability*.

Where liability to a third person results from negligent operation of a defective vehicle with knowledge of its unsafe condition there is no indemnity liability on the part of the party responsible for the defect.

As between the defendants, Owens, and the Ford Motor Company, they are relegated to their remedies in contribution under the provisions of K. S. A. 60-2413 (*b*) as construed in *McKinney, Administrator v. Miller*, 204 Kan. 436, 464 P. 2d 276.

The judgment of the lower court is affirmed and the case remanded with directions to enter judgment against the Owens defendants on their cross-claim.