No. 40,774

RICHARD STECK, *Plaintiff*, v. THE CITY OF WICHITA, E. E. BAIRD, JOHN MADDEN, JOHN STEVENS, JAMES L. GARDNER, A. E. HOUSE, FRANK BACKSTROM, C. C. ELLIS and JOHN PIERCE, *Defendants.*

(319 P. 2d 852)

Opinion filed January 3, 1958.

*J. Francis Hesse*, of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent, Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, James W. Sargent, Stanley E. Wisdom, Vincent L. Bogart, Cecil E. Merkel, John W. Brimer* and *Harry L. Hobson,* all of Wichita, were with him on the briefs for the plaintiff.

*Wayne Coulson,* of Wichita, argued the cause, and *Fred W. Aley,* City Attorney, and *Lester W. Chesney,* Assistant City Attorney, were with him on the briefs for the defendants.

The opinion of the court was delivered by

PRICE, J.: This is an original proceeding in mandamus whereby plaintiff seeks to compel defendant city and its governing officials

to comply with the terms of a judgment with respect to the payment of interest thereon.

The background of the matter is this:

In 1952 the city, under its power of eminent domain, condemned a tract of land belonging to plaintiff. The award of appraisers was $24,531.50. Both parties appealed to the district court. A trial resulted in a verdict and judgment for plaintiff in the amount of $30,988.33, and the journal entry of judgment reads:

"It is Therefore by the Court Considered, Ordered and Adjudged that judgment be and it hereby is entered against¹ the City of Wichita in the amount of $30,988.33 together with interest thereon at the rate of six per cent per annum from the 3rd day of December, 1954, to the date payment of the same is made to the clerk of the court, and that upon payment of said judgment the clerk of the court shall disburse the entire amount thereof to Richard Steck.

"It is Further Ordered that the city of Wichita pay the costs of this action."

Both parties then appealed to this court.

The city's appeal was from the entire judgment, and sought reversal of the judgment and a new trial.

Plaintiff's appeal was from the entire judgment, and sought a new trial or, in the alternative, that the judgment be modified so as to require payment of interest on the award from October 7, 1952, the alleged date of "taking," until such time as the amount of the award and interest be paid into court.

In an opinion by this court, filed April 7, 1956, the judgment was affirmed both as to the appeal and cross-appeal. (*Steck v. City of Wichita,* 179 Kan. 305, 295 P. 2d 1068.)

On April 12, 1956, without filing a petition for rehearing or waiting for the mandate of this court to be filed, the city paid to the clerk of the district court the face amount of the judgment, $30,-988.33, and that sum is still on deposit with the court. No interest has ever been paid.

On April 25, 1956, plaintiff filed with this court a petition for rehearing which, among other things, sought a modification of the judgment so as to allow interest on the full amount of the jury's verdict from the alleged date of "taking," October 7, 1952, until such time as the same is paid in full to the clerk of the court.

This petition for rehearing was denied on May 8, 1956, and our mandate was issued the next day.

Notwithstanding demands by plaintiff, the city refused to pay

any interest on the judgment for $30,988.33, whereupon plaintiff commenced this action by which he seeks an order compelling the city to pay interest at the rate of six per cent per annum on the judgment from the date thereof, December 3, 1954, until such time as both amounts are paid into court, together with attorney fees.

The city answered, and plaintiff filed a motion for judgment on the pleadings.

With the issues thus joined the case is before us for disposition.

From the foregoing it will be seen that the entire dispute between the parties simply amounts to this:

Plaintiff claims interest on the judgment from the date it was rendered, December 3, 1954, down to the present time. The city contends it is not liable for interest whatsoever, and, in any event, for none subsequent to April 12, 1956, the date it paid the face amount of the judgment into court.

The dispute appears to have arisen over different interpretations of syllabus 9, and the corresponding portion of the opinion, in our decision in *Steck v. City of Wichita, supra.* Syllabus 9 reads:

"Where a landowner has not been divested of possession of land and a condemner has not appropriated or entered into possession, there can be no interest recovered on the verdict and judgment."

Commencing on page 313 of the opinion it was said:

"The landowner's final contention is that since the city did not pay in the amount of the award, should it be determined that there was a taking on October 7, 1952, then the landowner is entitled to interest on the verdict and judgment. Such a rule would be in conflict with one phase of condemnation proceedings. Had the city gone in and appropriated the land in question or ousted the landowner from possession, then interest would be allowable by the court, but since the landowner was in possession at all times and even raised wheat on the land in 1953, he cannot recover interest."

The city vigorously contends that a writ of mandamus may not issue in any case where there is a plain and adequate remedy at law; that it will not issue in doubtful cases to enforce a right which is in substantial dispute; that it is not available for establishment of rights, and may be employed only where the right of the plaintiff and the duty of the defendant are clear; that it will not lie to interpret a judgment or to correct an erroneous interpretation of a judgment of this court, and that here the plaintiff had at least three adequate remedies at law—(1) the filing of a simple motion in the district court; (2) the filing of a motion in this court for clarification

of the judgment, and (3) a suit upon the judgment. In support of these contentions numerous authorities are cited.

Plaintiff, on the other hand, with equal vigor, contends that under the existing facts and circumstances he has the right to maintain the action and is entitled to the relief sought, citing authorities therefor.

Upon consideration of the many contentions of the parties we have concluded that plaintiff is within his rights in bringing this action, and that the entire matter should be laid at rest as soon as possible. We therefore proceed to the merits of the dispute.

We believe that the city places a strained and erroneous interpretation on the language of syllabus 9 and the above-quoted portion of the opinion in the Steck case, *supra*. What is said in an opinion or the syllabus thereof always is to be read and interpreted in the light of the facts and questions present in the case. The only question in the case relating to interest was plaintiff's contention that he was entitled to it from October 7, 1952, the claimed date of "taking." We held that he was not, and the words "he cannot recover interest," appearing in line 6 on page 314 of the opinion, obviously refer to interest from that date (October 7, 1952), the reason being, as stated, that plaintiff had not been divested of possession—that is, there had been no "taking" as of that date.

The same is true of syllabus 9. It simply states that where a landowner has not been divested of possession and a condemner has not appropriated or entered into possession there can be no interest recovered on the verdict and judgment. This of course has reference to the above quoted portion of the opinion—that is, where there had been no "taking" prior to judgment, interest during the period in question was not recoverable.

It is to be borne in mind that the trial court's judgment was in the amount of $30,988.33, *together with interest thereon at the rate of six per cent per annum from the 3rd day of December, 1954, to the date payment of the same is made to the clerk of the court.*

On appeal that judgment was in no way modified—it was affirmed in its entirety. And neither are we able to agree with the city's contention that in any event it is not liable for interest on the judgment subsequent to April 12, 1956, the date it paid the face amount of the judgment into court. Again, we refer to the literal terms of the judgment. The city simply has not complied with that judgment and should be compelled to do so.

Accordingly, we hold that the city is liable for interest on the sum of $30,988.33 at the rate of six per cent per annum from December 3, 1954, until such date as it, the interest, is paid into court.

The writ of mandamus is allowed.