No. 49,348

FRED WILSON, *Plaintiff-Appellee,* v. STEVEN A. PROBST; ACID ENGI-
NEERS, INC.; and HOME INSURANCE COMPANY, *Defendants-Ap-
pellants;* MARGARET A. JOHNSON, Administratrix of the Estate of
Gilbert Lee Thomson, Jr., Deceased, *Defendant;* and O. D.
TURNER, Secretary of Transportation of the State of Kansas,
*Additional Party Defendant-Appellee.*

(581 P.2d 380)

Opinion filed July
15, 1978.

*Robin L. Wick,* of Turner & Boisseau, Chartered, of Wichita, argued the cause
and was on the briefs for the defendants-appellants.

*Mark W. Krusor,* of Christenson, Mathews & Taylor, of Winfield, argued the
cause and was on the brief for the plaintiff-appellee.

*Donald S. Simons,* chief attorney, and *Sara N. Langland,* staff attorney, both of
the Kansas Department of Transportation, were on the brief for the additional
party defendant-appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is an interlocutory appeal from an order
dismissing O. D. Turner, Secretary of Transportation, from the
action on the grounds that the claim of highway defect was not
based on negligence and, accordingly, could not be compared
with the negligence of others under K.S.A. 60-258a.

The plaintiff was a passenger in a vehicle driven by Gilbert L. Thomson, Jr., which collided with a vehicle owned by Acid Engineers, Inc., and driven by one of its employees, Steven A. Probst. The collision occurred on March 11, 1976. The plaintiff brought this action, based on negligence, against the estate of his deceased driver as well as Acid Engineers, Inc., and its employee, Steven Probst. Defendant Probst, in his answer, alleged that the State of Kansas was a necessary party for the purpose of comparing negligence. The alleged negligence of the State was based on claimed highway defects. On the motion of Probst, O. D. Turner, as Secretary of Transportation, was joined as an additional party defendant and was duly served. At no time did plaintiff make any claim against the Secretary. On motion of the Secretary, he was dismissed from the action on the grounds that a highway defect was not based on negligence and could not be compared with the negligence of others. From this order, defendants Probst, Acid Engineers, Inc., and Home Insurance Company appeal.

The issues on appeal are as follows:

1. Whether the State of Kansas through O. D. Turner, Secretary of Transportation, is immune from liability based on negligence.

2. If O. D. Turner is immune from liability based on negligence, whether the other defendants to the lawsuit may have their negligence considered, under K.S.A. 60-258a(c) so that all of the causal negligence can be considered and the various defendants' percentage of negligence and liability, if any, reduced accordingly.

3. If the negligence of O. D. Turner is to be considered pursuant to 60-258a(c), whether he must remain as a named party or may the trial court enter an order allowing his percentage of negligence to be ascertained by the jury but dismissing him as a party for other purposes since no ultimate liability could be established against him.

## ISSUE NO. 1

The appellants urge the abolition of state governmental immunity, seeking reversal of *Brown v. Wichita State University*, 219 Kan. 2, 547 P.2d 1015 (1976). The court adhered to *Brown* in *Whitmire v. Jewell*, 223 Kan. 67, 573 P.2d 573 (1977), and continues to adhere thereto.

## ISSUE NO. 2

K.S.A. 60-258a provides:

"(a) The contributory negligence of any party in a civil action shall not bar such party or said party's legal representative from recovering damages for negligence resulting in death, personal injury or property damage, if such party's negligence was less than the causal negligence of the party or parties against

whom claim for recovery is made, but the award of damages to any party in such action shall be diminished in proportion to the amount of negligence attributed to such party. If any such party is claiming damages for a decedent's wrongful death, the negligence of the decedent, if any, shall be imputed to such party.

"(b) Where the comparative negligence of the parties in any such action is an issue, the jury shall return special verdicts, or in the absence of a jury, the court shall make special findings, determining the percentage of negligence attributable to each of the parties, and determining the total amount of damages sustained by each of the claimants, and the entry of judgment shall be made by the court. No general verdict shall be returned by the jury.

"(c) On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence is claimed to have contributed to such death, personal injury or property damage shall be joined as an additional party to the action.

"(d) Where the comparative negligence of the parties in any action is an issue and recovery is allowed against more than one party, each such party shall be liable for that portion of the total dollar amount awarded as damages to any claimant in the proportion that the amount of his or her causal negligence bears to the amount of the causal negligence attributed to all parties against whom such recovery is allowed.

"(e) The provisions of this section shall be applicable to actions pursuant to this chapter and to actions commenced pursuant to the code of civil procedure for limited actions."

## K.S.A. 1977 Supp. 68-419 provides:

"(a) Any person who shall without negligence on his or her part sustain damage by reason of any defective bridge or culvert on, or defect in a state highway, not within an incorporated city, may recover such damages from the state. Such recovery may be from the state when the secretary of transportation, or state transportation engineer, geographic engineer, supervisor or foreman in charge of the construction, maintenance or upkeep of such highway, shall have had notice of such defects five (5) days prior to the time when such damage was sustained, and for any damage so sustained, the injured party may sue the secretary of transportation, and any judgment rendered in such case shall be paid from any funds in the state highway fund on the order of the secretary of transportation. For any damage so sustained action may be brought in the district court of the county in which such damage was sustained, or in the district court of the county of which the plaintiff is an actual resident at the time of the sustaining of such damage; and upon the filing of such action in such court a summons shall issue out of such court directed to the secretary of transportation of Kansas, and shall together with a copy of plaintiff's petition, be forwarded to the sheriff of Shawnee county, Kansas, for service, and service thereof shall be made by delivering to the secretary of transportation personally a copy of such summons and copy of the petition, or by leaving copies thereof at the office of the secretary of transportation, in Shawnee county, Kansas, by said sheriff, or his or her undersheriff or deputy sheriff, and said summons shall require the secretary of transportation to serve upon plaintiff's attorney or upon plaintiff if he or she has no attorney named in the petition and file in the office of the clerk of the court from

which said summons issued a pleading to said petition within sixty (60) days after service of said summons exclusive of the day of service: *Provided,* That no such action shall be maintained unless wit'.iin ninety (90) days after the sustaining of such damage, written notice, stating th₂ date, when, and place where such damage was sustained, the name and correct post-office address of the person sustaining such damage, and the character of the damage sustained, shall be served upon the secretary of transportation, either in person or by registered or certified mail at his or her office in Topeka, Shawnee county, Kansas. Any such action must be commenced within two (2) years next immediately following the date said damage was sustained. Mailing of the notice required by this section by registered or certified mail within ninety (90) days after such damages are sustained, shall be deemed sufficient service of notice of a claim.

"(b) Neither the state or the secretary of transportation, or any officer or employee of the state or the department of transportation, shall be liable to any person for any injury or damage caused by the plan or design of any state highway, or of any bridge or culvert thereon or of any addition or improvement thereto, where such plan or design, including the signings or markings of said highway, bridge or culvert, or of any addition or improvement thereto, was prepared in conformity with the generally recognized and prevailing standards in existence at the time such plan or design was prepared.

"(c) For the purpose of this section, the term 'state highway' shall not include any road or highway constructed pursuant to subsection (c) of K.S.A. 1975 Supp. 68-406."

The trial court, in determining that a highway defect was not based on negligence and was a strictly statutory liability, followed a long unbroken line of cases including the often-cited *Payne v. State Highway Comm.,* 136 Kan. 561, 16 P.2d 509 (1932). The issue then becomes whether or not K.S.A. 60-258a compels a departure from the previous statutory construction when a defendant claims highway defects were a contributing cause of the collision and plaintiff's damages. It should be noted that K.S.A. 1977 Supp. 68-419 does not contain any reference to whether liability for a highway defect was or was not predicated on negligence. This determination arose by judicial interpretation. This interpretation met the needs prior to the introduction of comparative negligence into Kansas. The State and a negligent driver could both be named as defendants on differing theories and, with the concept of joint and several liability, it mattered little that the action against one defendant was predicated on negligence and the other was not. However, the concept of joint and several liability between joint tort-feasors has been held to no longer apply to comparative negligence actions in *Brown v. Keill,* 224 Kan. 195, 580 P.2d 867 (1978). The individual liability of each defendant for payment of damages will be based on pro-

portionate fault, and contribution among joint judgment debtors is no longer required in such cases (*Brown v. Keill,* supra). The intent and purpose of the legislature in adopting K.S.A. 60-258a was to impose individual liability for damages based on proportionate fault of all parties to the occurrence which gave rise to the injuries and damages even though one or more parties cannot be joined formally as a litigant or be held legally responsible for his or her proportionate fault (*Brown v. Keill,* supra). The appellants contend that the claimed defects contributed to plaintiff's loss. In the context of comparative negligence, highway defects claimed to have contributed to the occurrence from which the injuries and damages arose must be compared to the alleged negligence of other parties if the intent of K.S.A. 60-258a is to be accomplished.

The plaintiff makes no claim against the Secretary and has not complied with the procedural prerequisites for maintaining such a claim. Accordingly, any percentage of fault attributable to the Secretary is lost to plaintiff as far as recovery is concerned. Any other defendant found at fault will be liable on the basis of percentage of fault found attributable to such defendant.

## ISSUE NO. 3

O. D. Turner, Secretary of Transportation, was properly joined as a party defendant pursuant to K.S.A. 60-258a(*c*). An additional party defendant in a comparative negligence action may not be dismissed from an action solely because of his immunity. It was, accordingly, error to enter the order of dismissal.

## CONCLUSION

The judgment is reversed and the trial court is directed to reinstate O. D. Turner, Secretary of Transportation, as a party defendant.

MILLER, J., dissenting to Syl. 4 and the corresponding part of the opinion.