No. 53,549

Connie Ellis, *et al., Plaintiffs,* v. Union Pacific Railroad Company, *Defendant-Appellant,* and City of Onaga, Mill Creek Township, and Pottawatomie County, Kansas, *Appellees.*

(643 P.2d 158)

Opinion filed April 3, 1982.

*Larry Mundy,* of Eidson, Lewis, Porter & Haynes, of Topeka, argued the cause and was on the brief for the appellant.

*Sally H. Harris,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause and was on the brief for the appellee City of Onaga.

*Gary F. Conklin,* of Westmoreland, argued the cause and was on the brief for the appellee Mill Creek Township.

*John F. Stites,* of Stites, Hill and Wilson, of Manhattan, argued the cause and was on the brief for the appellee Pottawatomie County, Kansas.

The opinion of the court was delivered by

Schroeder, C.J.: This is a comparative negligence action wherein Union Pacific Railroad Company (defendant-appellant) appeals the district court's dismissal of Union Pacific's claim for contribution in proportion to the percentage of causal negligence attributable to the governmental entities, City of Onaga, Mill Creek Township, and Pottawatomie County, Kansas (defendants-appellees), joined in the action pursuant to K.S.A. 60-258a(*c*).

Pursuant to Supreme Court Rule No. 3.05 (228 Kan. xlii), the parties to this appeal have agreed upon a statement of the case to

be submitted to this court in lieu of an ordinary record on appeal. From that statement, the facts and procedural posture of the case emerge.

Four tort actions, later consolidated, were brought against Union Pacific and its freight train engineer Lewis Hendricks as a result of a single automobile-train collision in which three occupants of the automobile were killed and the driver of the automobile suffered personal injuries. The collision occurred in Pottawatomie County, Kansas, on January 21, 1979.

Within the two-year statute of limitations on the plaintiffs' claim, defendant Union Pacific joined, pursuant to K.S.A. 60-258a(c), the City of Onaga, Mill Creek Township, and Pottawatomie County, asserting that certain conclusions of an expert indicated possible liability on the part of the governmental entities. Plaintiffs did not amend to make claims against the defendants so joined. Those defendants then moved for a ruling of the district court that the entities were joined solely for purposes of proportional determination of fault. A hearing upon the "motions for determination" was held March 13, 1981, and the district judge found that no one in the lawsuit sought recovery of monetary damages from the City of Onaga, Mill Creek Township and Pottawatomie County and that those defendants would remain parties to the lawsuit for the sole purpose of permitting the jury to consider comparative fault, if any. The governmental unit defendants directed the defendants Union Pacific and Hendricks not to settle the case on behalf of the governmental units.

Thereafter, defendants Union Pacific and Hendricks reached a settlement and compromise of claims with the plaintiffs. In return for the sum of $275,000, the plaintiffs released all parties, specifically including the City of Onaga, Mill Creek Township, and Pottawatomie County, from all claims or rights of action arising from the collision. In addition, the plaintiffs consented to cooperate with Union Pacific and Hendricks in the prosecution of any action for implied indemnity or contribution against the non-settling governmental entities. At a hearing held for that purpose, the court approved the settlement of the combined cases. The court, however, subsequently dismissed Union Pacific's claim for implied indemnity or contribution against the governmental defendants because no valid claim had been asserted by the plain-

tiffs against those defendants within the time allowed by the applicable statute of limitations.

Union Pacific appeals from that dismissal, arguing that it has preserved a right to comparative implied indemnity as announced by this court in *Kennedy v. City of Sawyer,* 228 Kan. 439, 618 P.2d 788 (1980), and asserting that this case involves a question with respect to the procedure to be followed in pursuing a claim for comparative implied indemnity. Union Pacific states the issue: May appellant Union Pacific proceed against the governmental codefendants in a suit for comparative implied indemnity where the plaintiffs made no claim against those defendants and the statute of limitations for any claim by the plaintiffs has passed?

Defendants-appellees filed separate briefs with this court, and each argues vigorously in opposition to recognition of Union Pacific's cause of action. Mill Creek Township, in its brief, argues the concept of comparative implied indemnity as established in *Kennedy* should be abolished. Pottawatomie County seeks abolition or, in the alternative, limitation of the right announced in *Kennedy.* The City of Onaga attempts to distinguish *Kennedy.*

This court has determined that the case at bar is distinguishable from the situation presented in *Kennedy* and, for reasons set forth below, the action for comparative implied indemnity against the governmental entities should not be allowed.

We digress briefly to comment upon the use of the term "comparative implied indemnity." In the *Kennedy* case, the third party petitions filed below sought indemnification against other parties in the manufacturer's chain of distribution and supply. The relief granted by this court, in light of the facts in the *Kennedy* case and the interplay of principles of comparative negligence, indemnity, and settlement, was termed an action for comparative implied indemnity. We recognize the term is not appropriate to the case at bar in which post-settlement contribution, rather than indemnity, is at issue. However, while proportional contribution is a more appropriate term in the instant case, we have no desire to belabor that distinction and cloud the issue before us which concerns procedural prerequisites to *any* claim for post-settlement proportional payment, regardless of the nomenclature used. We leave to future opinions the development of appropriate terminology as well as examination of the scope of causes of action for post-settlement proportional payment.

Union Pacific contends the *Kennedy* case itself establishes that a claim by plaintiff against the non-settling defendants is not a prerequisite to pursuit of a post-settlement comparative implied indemnity action. While it is true the plaintiffs in *Kennedy* did not sue the non-settling defendants, the procedural posture of the *Kennedy* case before the appellate courts was out of the ordinary, and generalizations regarding the procedure to be followed in pursuing a claim for comparative implied indemnity as announced in *Kennedy* must be tempered by reference to the facts in that case. Statements made in a judicial opinion must be read and interpreted in light of the facts which gave rise to them. See, *e.g.*, *McKinney, Administrator v. Miller,* 204 Kan. 436, 437, 464 P.2d 276 (1970); *Steck v. City of Wichita,* 182 Kan. 206, 209, 319 P.2d 852 (1958).

The term "comparative implied indemnity" is new and, so far as we can ascertain, unique to Kansas although the concept of "partial indemnity" has been employed in other jurisdictions. See, *e.g., American Motorcycle Assn. v. Superior Court,* 20 Cal. 3d 578, 583, 146 Cal. Rptr. 182, 578 P.2d 899 (1978). Either term is a departure from traditional definitions of the term "indemnity" and creates the risk of confusion with traditional concepts of *contribution.*

Traditional indemnity contemplates shifting 100% of a loss from one tortfeasor to another, Prosser, Handbook of the Law of Torts § 51 (4th ed. 1971); 41 Am. Jur. 2d, Indemnity § 3, and may arise as the result of either an express or implied contract. *Kennedy v. City of Sawyer,* 228 Kan. at 454-55. Traditional contribution, on the other hand, contemplates shifting only a portion of the loss from one tortfeasor to another. *Cullen v. Atchison, T. & S. F. Rly, Co.,* 211 Kan. 368, 375, 507 P.2d 353 (1973); Prosser, Handbook of the Law of Torts § 50 (4th ed. 1971); 18 Am. Jur. 2d, Contribution §§ 1, 2.

Both indemnity and contribution theories ameliorated the harshness of the rule of joint and several liability in tort actions prior to the advent of comparative negligence; however, their application was limited in scope. Kansas followed the common law rule of no contribution between joint tortfeasors, *Alseike v. Miller,* 196 Kan. 547, 550, 412 P.2d 1007 (1966), subject to a limited statutory exception for joint judgment debtors. *McKinney, Administrator v. Miller,* 204 Kan. 436; K.S.A. 60-2413(*b*). Thus, a

defendant could not settle then seek contribution to distribute the loss among tortfeasors.

The implied indemnity theory presented a limited means of avoiding the application of the common law ban on contribution between tortfeasors. *Kennedy v. City of Sawyer*, 228 Kan. at 455. It offered, in addition, the possibility of settlement rather than the necessity of proceeding to judgment. A right to indemnification, while available to a joint judgment debtor under K.S.A. 60-2413(*b*), was not lost by voluntary payment of plaintiff's claim although the proposed indemnitee did bear the burden of proving his legal liability on the claim paid. *Cason v. Geis Irrigation Co.*, 211 Kan. 406, 507 P.2d 295 (1973); 41 Am. Jur. 2d, Indemnity § 33.

In *Kennedy*, this court confronted the task of reconciling relatively new comparative negligence principles with established principles of settlement in tort actions. Settlements had been possible in tort actions in which a defendant intended to pursue a right of indemnification, yet traditional indemnity was not compatible with principles of comparative negligence. The court redefined the indemnity right in light of comparative negligence principles and coined the phrase "comparative implied indemnity." It is a form of indemnity which can operate in harmony with comparative negligence and effectuate complete rather than partial settlements with plaintiffs. The Court of Appeals in *Geier v. Wikel*, 4 Kan. App. 2d 188, 603 P.2d 1028 (1979), recognized that one defendant can settle with the plaintiff and remove himself from the action without foreclosing the plaintiff's options to later pursue other non-settling defendants for their proportionate responsibility. *Kennedy v. City of Sawyer* recognized that, under certain circumstances, complete settlement may be made with the plaintiffs and the defending parties allowed to determine their proportionate responsibility in an action for comparative implied indemnity. *Kennedy* recognized this right to indemnity among parties in the manufacturer's chain of distribution and supply following settlement by one defendant of the plaintiffs' entire claim.

The facts in the *Kennedy* case are of some consequence. The Kennedys, whose land lay adjacent to a tract owned by the City of Sawyer, filed a negligence action against the city and its councilman Gene Aubley after Aubley's application of a herbicide solu-

tion along the city's fence led to arsenic poisoning of the Kennedys' cattle. The city and Aubley, pursuant to K.S.A. 60-214, filed a third-party petition against the seller of the herbicide, Continental Research Corporation, alleging Continental's active negligence as a basis for *100% indemnification* by Continental of any sums recovered by the Kennedys against the city and Aubley. Continental, in turn, filed a third-party petition against its manufacture, the Huge Company, Inc., alleging Continental's negligence, if any, was passive and secondary to that of Huge. Continental sought *100% indemnification* by Huge of any sums recovered by the city and Aubley against Continental. The trial court found the defendant Aubley guilty of active negligence in application of the herbicide so as to preclude, under principles of active and passive negligence since abrogated in *Kennedy,* the city's right to indemnity from Continental. Since Continental had no liability to the city, Huge had no liability to Continental. The trial court dismissed the third-party claims in which Continental and Huge, respectively, were defendants. The city and Aubley appealed the orders of dismissal while the Kennedys' claim was pending.

Up to this point, the parties had proceeded on the assumption that if the original defendants were found negligent, those defendants would bear the full loss *unless* principles of active-passive negligence allowed them to recover 100% indemnity from the third-party defendants. See, *e.g., Denneler v. Aubel Ditching Service, Inc.,* 203 Kan. 117, 453 P.2d 88 (1969); *Russell v. Community Hospital Association, Inc.,* 199 Kan. 251, 428 P.2d 783 (1967). On this assumption, the City of Sawyer settled the entire liability with the Kennedys, obtained a release of *all* parties who might have contributed to the damage, and pursued the appeal of the orders dismissing the potential indemnitors, Continental and Huge.

The applicability of comparative negligence principles to the action was raised *sua sponte* by the appellate courts. This court ultimately determined that comparative negligence principles applied to products liability actions, that the active-passive dichotomy of tort indemnity actions did not survive the statutory adoption of comparative negligence, and that the City of Sawyer acquired a right of comparative implied indemnity against the non-settling tortfeasors. The order dismissing the third-party

defendants was reversed and the case remanded to the trial court for further proceedings in accordance with this court's views expressed in the *Kennedy* opinion.

In *Kennedy,* this court determined that, given the adoption of notice pleading, third-party practice pleadings pursuant to K.S.A. 60-214 were sufficient in form and content to raise questions of comparative negligence and indemnity as to parties served with third-party pleadings. 228 Kan. at 446-47. It was not necessary to the decision in *Kennedy* and this court did not attempt to decide whether joinder pursuant to K.S.A. 60-258a(*c*) in a comparative negligence action subjects the added party to proportional liability for any settlement made by a defending party who settles and secures a complete release of plaintiff's claims against all those contributing to the occurrence. Although joinder is not the central issue, a decision in the case at bar requires such an examination of the position occupied by a party joined pursuant to K.S.A. 60-258a(*c*).

K.S.A. 60-214 and K.S.A. 60-258a(*c*) both promote judicial efficiency by settling all claims in one suit. See, *e.g., Lester v. Magic Chef, Inc.,* 230 Kan. 643, Syl. ¶ 3, 641 P.2d 353 (1982); *Eurich v. Alkire,* 224 Kan. 236, 237, 579 P.2d 1207 (1978); *Russell v. Community Hospital Association, Inc.,* 199 Kan. 251, Syl. ¶ 1. There are, however, significant differences in the two procedures, the significant difference for purposes of this discussion being the position occupied by the party so joined.

Under K.S.A. 60-214(*a*), the defending party brings into the action a person *who may be liable to that defending party* for all or part of the plaintiff's claim against the defending party. From the time of service of summons and complaint in the third-party action, the third-party defendant is on notice that a judgment may be entered against him. The tortfeasors in *Kennedy* whose negligence would eventually be compared were, from the beginning, on notice that an action had been filed *against them.* Recovery of damages was the avowed purpose of the third-party action.

K.S.A. 60-258a(*c*), on the other hand, gives the defending party an opportunity to reduce the damages recoverable against him by the plaintiff through joinder of other parties potentially liable to the plaintiff. The legislative purpose in enacting K.S.A. 60-258a was "to impose individual liability for damages based on the proportionate fault of all parties to the occurrence which gave rise

to the injuries and damages . . . ." *Brown v. Keill,* 224 Kan. 195, 207, 580 P.2d 867 (1978). Subsection *(c)* removes from the plaintiff any possibility of defeating proportionate liability by suing only one defendant "when more than one party arguably contributed to plaintiff's injuries." *Nagunst v. Western Union Telegraph Co.,* 76 F.R.D. 631, 633 (D. Kan. 1977). That subsection provides:

"On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence is claimed to have contributed to such death, personal injury or property damage shall be joined as an additional party to the action."

The statute does not specify the position to be occupied in the litigation by the joined party; however, the purpose of the provision clearly is to facilitate apportionment of fault. That purpose can be achieved without restructuring the plaintiff's lawsuit.

Two prior decisions of this court on comparative negligence suggest the action of the defendant in joining additional parties pursuant to subsection *(c)* benefits only the defendant through potential reduction of the percentage of fault attributable to him rather than benefiting the plaintiff through increased recovery. In *Brown v. Keill,* an automobile accident case, the owner of one car sued the driver of the second car to recover his property loss. The owner's son, who was driving the car at the time of the accident, was found 90% negligent. The owner did not, however, seek to have his son joined as a party to the action. The court found that, under K.S.A. 60-258a, the plaintiff could not avoid determination of proportionate fault by choosing his defendants. The defendant could join other tortfeasors for purposes of percentage determination; however, the court remarked "[i]t is doubtful if the plaintiff in such a case can be forced to make a claim against the added party." 224 Kan. at 206. In *Wilson v. Probst,* 224 Kan. 459, 581 P.2d 380 (1978), an accident case involving an alleged highway defect, the defendant was allowed to join the Secretary of Transportation for comparative purposes pursuant to subsection *(c)* even though the plaintiff made no claim against the Secretary. The court, in dicta, stated:

"The plaintiff makes no claim against the Secretary and has not complied with the procedural prerequisites for maintaining such a claim. Accordingly, any percentage of fault attributable to the Secretary is lost to plaintiff so far as recovery is concerned. Any other defendant found at fault will be liable on the basis of percentage of fault found attributable to such defendant." 224 Kan. at 463.

The plaintiff can, of course, assert a claim against parties added by the defendant and recover damages, providing no other principle of law precludes recovery.

This court's decision in *Kennedy* was announced while the present action was pending in the district court of Wyandotte County. Pursuant to a suggestion in the *Kennedy* case, Union Pacific and Hendricks filed pleadings entitled "Petition for Adjudication of Fault Pursuant to K.S.A. 60-258a(*c*)" against the governmental entities. In those pleadings, the defendants Union Pacific and Hendricks set forth the basis for their claim of right to comparison of liability with the governmental entities. Their prayer was in the alternative: that the action be dismissed as to Union Pacific and Hendricks or that the trier of fact consider the causal negligence of the governmental entities and *reduce* the liability of Union Pacific and Hendricks accordingly. In their answers, the governmental entities denied liability to either plaintiffs or defendants in the action.

The critical factors which distinguish this case from *Kennedy* are that this case was a *comparative negligence action* from the outset and *no party* asserted claims against the governmental entities which could subject them to monetary liability. Petitions and answers pursuant to joinder under K.S.A. 60-258a are certainly good practice, but in and of themselves they do not state a claim for recovery. They do, as the petitions filed by Union Pacific and Hendricks in this case indicate, protect the original defendants by reducing their liability in proportion to the percentage of causal negligence attributed to others. There is no doubt, had this case gone to trial, that the purpose of the subsection would have been fulfilled.

As illustrated by the *Kennedy* case, in some instances, one defendant can settle a claim, obtain a release of all tortfeasors, and pursue a right of comparative implied indemnity against the other potential tortfeasors. Union Pacific argues public policy demands a right of proportional contribution in the case at bar. In *Kennedy,* the defendants themselves had stated a cause of action on which relief could be granted, indemnity under third-party practice. When the case was remanded for comparison of negligence, this court in essence reinstated those indemnity claims with the proviso that comparative rather than complete indemnity was to be considered. In the case at bar, neither the defendants nor the plaintiffs state a cause of action against the joined parties.

The principle is well-established in Kansas that joint and several liability among tortfeasors does not exist under comparative negligence. *Lester v. Magic Chef, Inc.,* 230 Kan. 643, Syl. ¶ 2; *Wilson v. Probst,* 224 Kan. at 462; *Miles v. West,* 224 Kan. 284, 286, 580 P.2d 876 (1978); *Brown v. Keill,* 224 Kan. at 204; Comment, *Brown and Miles: At Last, An End to Ambiguity in the Kansas Law of Comparative Negligence,* 27 Kan. L. Rev. 111 (1978). By suing one defendant, the plaintiff knows that he will recover *only* the percentage of damage for which that defendant is responsible. After the original defendants' joinder of the governmental entities for purposes of comparison, the plaintiffs in this action were aware of the identity of the joined parties, the allegations of negligence attributed to each, and how such allegations, if proved, could affect their recovery from the original defendants at trial. And yet, the plaintiffs were proceeding to trial against only those original defendants. This court cannot speculate why the plaintiffs did not sue additional parties, but that is the plaintiffs' prerogative. It is inconsistent then to suggest the action of one defendant in settling the claim can broaden another defendant's liability beyond what it would have been had the case gone to trial.

Broad language in the *Kennedy* opinion, 228 Kan. at 460-61, outlining the defendant's role in bringing "into the action all tortfeasors against whom comparative liability through indemnity is sought" (p. 461) goes far beyond the facts of the *Kennedy* case and is disapproved to the extent that it suggests a defendant can enlarge the liability of other defendants.

*Kennedy* predicated the right of comparative implied indemnity on actual legal liability on the part of the defendants to the plaintiffs. If plaintiff cannot recover against any defendant because his own causal negligence exceeds 49%, then the settling defendant cannot pursue an action for comparative implied indemnity. 228 Kan. at 460. In the case at bar the defendants against whom contribution is now sought were not subject to actual liability since the plaintiffs had made no claim against them. Union Pacific argues the potential for recovery existed because of the possibility of amendment of the plaintiffs' petition to state a claim under the relation back provisions of K.S.A. 60-215 despite the running of the statute of limitations under K.S.A. 60-513. We

need not reach that issue because plaintiffs did not attempt to amend their petitions either before or after the running of the statute of limitations.

Our decision today in no way jeopardizes settlement of actions. Settlements are favored in the law. See, *e.g., Fieser v. Stinnett,* 212 Kan. 26, 31, 509 P.2d 1156 (1973); *Rymph v. Derby Oil Co.,* 211 Kan. 414, 418, 507 P.2d 308 (1973); *Connor v. Hammer,* 201 Kan. 22, 24, 439 P.2d 116 (1968). The settling defendant cannot, however, create liability where there is none. One defendant in a comparative negligence action cannot settle a claim on behalf of a party against whom the plaintiff could not recover and then seek contribution from that party in proportion to the percentage of causal negligence attributable to that party. The plaintiff may choose to forego any recovery from other tortfeasors. In that event, a settling defendant has no claim to settle but his own.

The decision of the lower court is affirmed.

HERD, J., dissenting: K.S.A. 60-258a(*c*) provides:

"On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence is claimed to have contributed to such death, personal injury or property damage shall be joined as an additional party to the action."

I would treat the "joined additional party" as a party to the action for all purposes if formally joined by service of process. To permit the plaintiff to make the determination of liability by a restricted choice of defendants clearly violates the legislative intent of the comparative negligence statute. In *Brown v. Keill,* 224 Kan. 195, 207, 580 P.2d 867 (1978), we concluded:

"[T]he intent and purpose of the legislature in adopting K.S.A. 60-258a was to impose individual liability for damages based on proportionate fault of all parties to the occurrence which gave rise to the injuries and damages even though one or more parties cannot be joined formally as a litigant or be held legally responsible for his or her proportionate fault."

To facilitate the procedure, a distinction was made between formal joinder and joinder of those who could not be served with summons. This distinction indicates formal joinder with service of process can impose liability independent of a formal assertion of a claim. Not only did we recognize this concept in *Brown* but the theory served as a basis for comparative implied indemnity recognized in *Kennedy v. City of Sawyer,* 228 Kan. 439, 460, 618 P.2d 788 (1980):

"Of course to satisfy the legislative intent of encouraging resolution of all issues in a single action, the comparison of fault of all wrongdoers should be effected in the original action. *Eurich v. Alkire,* 224 Kan. 236, 579 P.2d 1207 (1978). It must be recognized that the procedural mechanism of K.S.A. 60-258a(c) exists to facilitate joinder (and hence comparison) of all potential wrongdoers and may supersede the third-party mechanism which formerly provided the only means for securing a consideration of the fault of a wrongdoer who plaintiff chose not to sue. The maintenance of a claim by plaintiff against a joined party is not a prerequisite to securing comparison. *Brown v. Keill,* 224 Kan. 195, Syl. ¶ 6. It would appear, however, that the formal 'joinder' mechanism of K.S.A. 60-258a(c) evidences a legislative intent to allow a defendant to force comparison of his fault with that of a third party. This court has not, however, viewed the invocation of formal joinder as a necessary prerequisite to effecting comparison of fault (*Brown v. Keill,* 224 Kan. at 205-207), and this court has recognized that the comparative negligence statute is silent as to what position the added party occupies once that party is joined.

"We conclude that now is the proper time under the facts of this case to adopt a form of comparative implied indemnity between joint tortfeasors. When as here a settlement for plaintiffs' entire injuries or damages has been made by one tortfeasor during the pendency of a comparative negligence action and a release of all liability has been given by plaintiffs to all who may have contributed to said damages, apportionment of responsibility can then be pursued in the action among the tortfeasors."

In the instant case appellees were formally joined and should be considered parties to this action for all purposes. All the procedural prerequisites have been met such as service of process and pleadings. The statute of limitations should not be in issue herein. As we stated in *Kennedy* at page 461:

"Settlements between injured parties and tortfeasors are favored in the law, and the policy of settlement should be encouraged by providing that a release by an injured party of one tortfeasor does not release other tortfeasors from claims of indemnity. If the release agreement expressly releases all tortfeasors, the settling tortfeasor should be able to seek apportionment from his co-tortfeasors based on comparative degrees of responsibility."

Appellants have meticulously complied with the procedure we delineated in *Kennedy* and should be permitted to have comparative fault of all parties determined and be indemnified if the jury so determines.

I would reverse the trial court.

FROMME and HOLMES, JJ., join the foregoing dissenting opinion.

FROMME, J., dissenting. I join in the dissent of Herd, J., and add the following comments. This court continues to struggle with the concept of liability based on comparative negligence.

In *Kennedy v. City of Sawyer,* 228 Kan. 439, Syl. ¶ 9, 618 P.2d 788 (1980), a products liability case, we held:

"We conclude that now is the proper time under the facts of this case to adopt a form of comparative implied indemnity between joint tortfeasors. When, as here, a settlement for plaintiffs' entire injuries or damages has been made by one tortfeasor during the pendency of a comparative negligence action and a release of all liability has been given by plaintiffs to all who may have contributed to said damages, apportionment of responsibility can then be pursued in the action among the tortfeasors."

I can see no valid reason for this court to set up a different rule in cases based on ordinary negligence. Other states have adopted comparative implied indemnity in ordinary negligence cases. See *Pachowitz v. Milwaukee & S. Transport Corp.*, 56 Wis. 2d 383, 202 N.W.2d 268 (1972); *Bielski v. Schulze*, 16 Wis. 2d 1, 114 N.W.2d 105 (1962); *Packard v. Whitten*, 274 A.2d 169 (Me. 1971); *Gomes v. Brodhurst*, 394 F.2d 465 (3rd Cir. 1967); *Kohr v. Allegheny Airlines, Inc.*, 504 F.2d 400 (7th Cir. 1974).

As previously pointed out by Justice Herd the defendants in the present case followed the procedure outlined and approved in *Kennedy*. The additional parties, City of Onaga, Mill Creek Township, and Pottawatomie County, on motion of the defendants and by order of the court were joined as additional parties defendants for purposes of comparison of possible liability pursuant to K.S.A. 60-258a(c). They were properly served with process pursuant to K.S.A. 60-304(d).

The defendants then filed separate petitions for adjudication of fault against each of these additional parties. In the petitions it was alleged that each of the additional parties had failed in their duty to maintain the road over the railroad crossing and had failed to erect and maintain suitable signs, markings, or warnings. It was further alleged that these additional parties had been joined in the action to determine their respective contributory causal negligence or fault in causing plaintiffs' damages. The petitions then recited that pursuant to the suggestion contained in *Kennedy v. City of Sawyer*, 228 Kan. 439, defendants were seeking adjudication of the proportionate causal fault of these additional parties.

In rejecting this procedure and affirming the dismissal of the implied indemnity action against the additional parties the majority of this court now limit the holding in *Kennedy* to products liability cases. The present case is based on ordinary negligence and the majority hold the defendants are not entitled to pursue an

action for adjudication of proportionate causal fault and comparative implied indemnity. The settlement of all plaintiffs' damages were negotiated and paid for by the Union Pacific Railroad Company. The settlement and release included the liability, if any, of the city, township, and county. This court now holds the petitions filed by defendants were of no effect and only the plaintiffs had a right to assert liability against these additional parties. On full settlement plaintiffs' action terminates and with this the defendants' claim for implied indemnity ended.

The effect of today's decision will be to tie the hands of a defendant so that a defendant can no longer settle a case with an injured party. He or she may settle only what he or she conceives to be his or her own limited share of liability.

A court should favor and promote the compromise and settlement of lawsuits, not discourage them.

Another effect of today's decision is to render useless the provisions of K.S.A. 60-258a(c) which permit a party against whom a claim is asserted to join additional parties in the action. In products liability cases, procedures for third party practice under K.S.A. 60-214 can be used as was done and approved in *Kennedy.* In prior comparative negligence cases, this court has approved determination of the proportionate fault of phantom parties which reduces the percentage of fault of formal party defendants.

Under the present majority opinion there is no incentive for a defendant to use the procedure of K.S.A. 60-258a(c) because such joinder will be of no greater advantage to a defendant than merely to name in the answer those additional individuals claimed to have caused plaintiffs' injuries. The inclusion of phantom parties in this manner may result in reducing defendants' percentage of fault, and under the majority opinion joinder under K.S.A. 60-258a(c) can have no different effect so far as a defendant is concerned. If this is so the legislature had no apparent reason for inserting subsection (c) in the comparative negligence statute.

HOLMES and HERD, JJ., join the foregoing dissenting opinion.