The **TRAVELERS INSURANCE COMPANIES, Plaintiff,**

v.

**JACKSON COMMUNICATIONS, CORP., Defendant.**

Civ. A. No. 83–2129.

United States District Court, D. Kansas.

Nov. 18, 1983.

**1140**

Frank C. Weidling, Boddington & Brown, Kansas City, Kan., for plaintiff.

Lee M. Smithyman, Weeks, Thomas & Lysaught, Chartered, Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion to dismiss for failure to state a claim upon which relief can be granted.

■ In considering a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the factual allegations of a complaint must be taken as true and all reasonable inferences must be indulged in favor of the plaintiff. *Mitchell v. King,* 537 F.2d 385 (10th Cir.1976); *Dewell v. Lawson,* 489 F.2d 877 (10th Cir.1974). A complaint should not be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Plaintiff's complaint herein stems from an earlier action brought by Roy M. Allen against Telecable of Overland Park, Inc. and Kansas City Power and Light [hereinafter KCP & L]. Plaintiff was the insuror of Telecable through a policy of liability insurance. Plaintiff brings this action against Jackson Communications, Corp., through its subrogation claim to the rights of Telecable, seeking indemnity.

According to plaintiff's complaint, during the applicable period of the insurance policy, Mr. Allen became caught up and entangled in cable television and electrical lines spanning a particular street, causing him injury. Mr. Allen alleged in his lawsuit that the cable and electrical lines were not maintained at proper heights above the ground as required by the National Safety Electrical Code and various state and municipal ordinances, and that the line was improperly strung and that this failure was a direct and proximate cause of the damages to Mr. Allen.

By contract, Telecable was required to indemnify and hold harmless KCP & L from any such damages, no matter who was at fault. Mr. Allen's claim was settled out of court for Sixty-Two Thousand Dollars ($62,000), which was paid by Travelers.

In this lawsuit, plaintiff Travelers alleges that the improper acts which were alleged by Mr. Allen against KCP & L and Telecable were performed pursuant to contract by the defendant Jackson Communications. Plaintiff claims that the contract provided specifically that defendant Jackson Communications would indemnify and hold harmless Telecable from any and all liability, claims and demands whatsoever made upon Telecable as a result of the negligence or other wrongdoing on the part of any employee, agent, servant or representative of Jackson Communications or any subcontractor engaged by it.

Plaintiff Travelers claims it is entitled to indemnity from defendant Jackson Communications paid out in settlement of Mr. Allen's claim, plus all costs of litigation and attorneys' fees in that action.

Defendant in this motion contends that plaintiff is attempting to broaden the scope of the liability of Jackson Communications, contrary to the Kansas comparative negligence statute. Plaintiff contends in its brief that its action is based on express contractual rights between Telecable and Jackson and is not based upon principles of implied indemnity or other theories which would necessarily involve the rights of the original plaintiff, Mr. Allen.

Taking the allegations of plaintiff's complaint as true and indulging in all reasonable inferences in favor of the plaintiff, the court finds, for the reasons set forth below, that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

■ While the court agrees that any rights which plaintiff may have to indemnity herein arise by express contract and not by implied warranty, the court finds the distinction irrelevant to the case at bar. The indemnity provision of the contract specifically limited Jackson Communications' obligation to indemnify Telecable to damages arising from the negligence of Jackson Communications. It did not indicate any intent to hold Telecable harmless from the negligence of Telecable's own agents and employees.

The provisions of the indemnity contract are important in light of the changes which have occurred in Kansas law since the contract was entered into. At the time of the contract, joint and several liability was the rule among tortfeasors. Indemnity and contribution, to the extent they were allowed by Kansas law, ameliorated the harshness of the rule of joint and several liability. *Ellis v. Union Pacific R.R. Co.,* 231 Kan. 182, 185, 643 P.2d 158, 162 (1982).

■ In 1974, the Kansas Legislature enacted K.S.A. 60–258a, the comparative negligence statute, the purpose of which was to "impose individual liability for damages based on the proportionate fault of all parties to the occurrence which gave rise to the injuries and damages." *Brown v. Keill,* 224 Kan. 195, 207, 580 P.2d 867, 876 (1978). Joint and several liability does not exist in Kansas under the comparative negligence statute. *Brown v. Keill, supra,* 224 Kan. at 204, 580 P.2d at 874.

■ Under this statute, judicial efficiency is promoted by settling all claims in one suit. *Ellis v. Union Pacific R.R. Co., supra,* 231 Kan. at 188, 643 P.2d at 163. If a plaintiff has not joined a person whose causal negligence may have contributed to the damages, the absent tortfeasor's negligence may nevertheless be compared. Those who are not defendants but whose liability is compared are called "phantom" parties. *Baird v. Phillips Petroleum Co.,* 535 F.Supp. 1371, 1378 (D.Kan.1982). The proportionate fault attributable to "phantom" parties reduces the amount of damages attributable to the defendants in an action, in a sense indemnifying those defendants for the damages caused by the phantoms. The statute assures that each defendant will bear only his proportionate share of the loss.

Mr. Allen chose to sue KCP & L and Telecable. The court does not know why Mr. Allen chose not to sue Jackson Communications, but that was his prerogative. By suing only these two defendants, Mr. Allen knew that he would recover *only* the percentage of damages for which these defendants were responsible. *Ellis v. Pacific R.R. Co., supra,* 231 Kan. at 191, 643 P.2d at 165.

Likewise, when Telecable was sued and later when it settled the case it knew that it was responsible only for that percentage of fault attributable to it. Had the case gone to trial, Jackson Communications as a phantom party may have had a certain causal responsibility attributed to it, and the damages for which Telecable was responsible would have been accordingly reduced. But under no circumstances would the phantom party have had to actually pay out damages. By settling the earlier case and seeking damages from Jackson Communications herein, plaintiff is seeking to broaden the damages for which Jackson Communications may be held liable. In *Ellis v. Union Pacific R.R. Co., supra,* that court stated:

"... The settling defendant cannot ... create liability where there is none. One defendant in a comparative negligence action cannot settle a claim on behalf of a party against whom the plaintiff could not recover and then seek contribution from that party in proportion to the percentage of causal negligence attributable to that party. The plaintiff may choose to forego any recovery from other tort-

feasors. In that event, a settling defendant has no claim to settle but his own." *Id.*, 231 Kan. at 192, 643 P.2d at 166.

In the case at bar, the indemnity contract only allowed plaintiff to be indemnified for the negligence of Jackson Communications. Under the comparative negligence statute, Roy Allen's recovery was limited to the amount of damages caused by the negligence of KCP & L and Telecable only. The settling defendants in Mr. Allen's case had no claims to settle but their own. They could not settle for any negligence attributable to Jackson Communications, and they cannot be indemnified for the negligence of Jackson Communications since the phantom's negligence could not properly have been a part of the settlement, as Mr. Allen had no legal right to recover against Jackson Communications.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss for failure to state a claim upon which relief can be granted is hereby granted.