James J. TERSINER, Plaintiff,

v.

UNION PACIFIC RAILROAD COMPA-
NY and Michael Gretencord, d/b/a
Penn's Apco, Defendants.

Civ. A. No. 89–2299–V.

United States District Court,
D. Kansas.

Nov. 6, 1990.

Henri J. Watson, Kansas City, Mo., Wil-
liam Metcalf, Metcalf & Justus, Topeka,
Kan., for plaintiff.

Brian G. Boos, Gehrt & Roberts, Char-
tered, Topeka, Kan., Michael B. Buser, N.
Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Third party defendant Michael Greten-
cord, d/b/a Penn's Apco (hereinafter "Gre-
tencord"), moves the court pursuant to
Fed.R.Civ.P. 59(e) (Doc. 92) for an order
altering or amending the Judgment on Jury
Verdict (Doc. 88) entered on August 27,
1990. Defendant Union Pacific Railroad
Company (hereinafter "Union Pacific") has
responded and opposes Gretencord's mo-
tion (Doc. 96).

Plaintiff commenced this action against
Union Pacific seeking to recover damages
under the provisions of the Federal Em-
ployers' Liability Act (FELA), 45 U.S.C.
§§ 51 *et seq.* Plaintiff also joined Greten-
cord as a defendant to assert state law
negligence claims against him under the
doctrine of pendent party jurisdiction.
Subsequently, Union Pacific asserted a
cross-claim against Gretencord seeking to
recover over against him under the theory
of comparative implied indemnity to the
extent that Gretencord's negligence might
be found to have contributed as a cause of
plaintiff's alleged injuries and damages.

On August 6, 1990, pursuant to *Finley v.
United States*, 490 U.S. 545, 109 S.Ct. 2003,

104 L.Ed.2d 593 (1989), Chief Judge Earl E. O'Connor of this court dismissed plaintiff's direct claims against Gretencord for lack of subject matter jurisdiction (Doc. 74). However, the court retained Union Pacific's cross-claim (third party claim) against Gretencord for determination by the jury. The case was tried to a jury commencing August 20, 1990, and a verdict was returned in favor of plaintiff with total damages of $123,809.00. The jury apportioned 66% of the causal negligence to plaintiff, 17% to Union Pacific, and 17% to Gretencord. In its order filed August 27, 1990 (Doc. 88), the court entered judgment in favor of plaintiff and against Union Pacific in the amount of $42,095.06. At the same time the court entered judgment in favor of Union Pacific and against Gretencord on the former's comparative implied indemnity claim in the amount of $21,047.53.

In the instant motion, Gretencord contends that because plaintiff's percentage of causal negligence exceeded his percentage of causal negligence that plaintiff would not have been able to recover against him under the Kansas comparative fault statute, K.S.A. 60–258a. He asserts that because Union Pacific stands in the same position as plaintiff for the purposes of its claim for comparative implied indemnity that it cannot recover against him. Therefore, Gretencord argues that he is entitled to an order of the court altering or amending the Judgment on Jury Verdict (Doc. 88) to reflect judgment in his favor and against Union Pacific. We agree.

It is well settled that "FELA does not provide a vehicle for the determination of the fault of a third party, and the act likewise makes no provision for the carrier to recover over against a third party any damages caused by the third party's negligence for which the carrier is statutorily liable to the employee." *Gaulden v. Burlington Northern, Inc.*, 232 Kan. 205, 211, 654 P.2d 383 (1982). Therefore, a number of jurisdictions, including Kansas, have held that "[a] railroad's right to recover indemnity or contribution from a third party for liability incurred under FELA depends entirely on state law." *Id.* (citations omitted).

Relying on its decision in *Kennedy v. City of Sawyer*, 228 Kan. 439, 618 P.2d 788 (1980), the Kansas Supreme Court held that, under Kansas law, "a carrier against whom suit is brought under FELA for injuries sustained by an employee within this state should have and does have a right of contribution or comparative implied indemnity ... against a third party tortfeasor." *Gaulden*, 232 Kan. at 214, 654 P.2d 383. Although unique to Kansas, the doctrine of comparative implied indemnity is not peculiar to FELA cases. *See e.g.*, *Kennedy*, 228 Kan. 439, 618 P.2d 788; *Ellis v. Union Pacific Railroad Company*, 231 Kan. 182, 643 P.2d 158 (1982). Originally, the doctrine of comparative implied indemnity was adopted to provide a settling tortfeasor who had obtained plaintiff's release as to all who may have contributed to the damages a mechanism whereby he or she might pursue apportionment of responsibility among the remaining, non-settling tortfeasors under Kansas comparative fault principles (comparative implied indemnity). *Kennedy*, 228 Kan. 439, Syl. ¶¶ 9, 10, 618 P.2d 788. The Kansas Supreme Court, in a later case, held that the right of comparative implied indemnity is predicated on the actual legal liability of the defendants to the plaintiff. *Ellis*, 231 Kan. at 191, 643 P.2d 158. The Court further held that a settling defendant could not enlarge the liability of a third party tortfeasor. *Id.*

In *Gaulden*, the Kansas Supreme Court applied the principles of comparative implied indemnity to a FELA case. The court reasoned that a FELA defendant is like a settling tortfeasor, as noted above, because under FELA the common carrier must bear all of the loss sustained by its employee which is caused jointly by the fault of the carrier and third parties. *Gaulden*, 232 Kan. at 213–14, 654 P.2d 383. The Court concluded, by this analogy, that the carrier's recourse against third party tortfeasors resides in the doctrine of comparative implied indemnity. *Id.* Because they are analogous, we conclude that *Kennedy* and *Ellis*, although not FELA cases, as well as *Gaulden*, apply to, and control, the present case. Union Pacific may recover against Gretencord only if (1) Greten-

cord's negligence partially caused or contributed to plaintiff's injury and damage, (2) Union Pacific had some causal negligence, and (3) plaintiff's causal negligence is less than 50% of the total causal negligence. *Gaulden,* 232 Kan. at 214, 654 P.2d 383.

■ The third prong of the rule set forth above is based on the notion that a plaintiff's causal negligence must be less than 50% of the total causal negligence before he or she may recover against an alleged tortfeasor. K.S.A. 60–258a. In the instant case the jury found plaintiff's causal negligence to be 66% of the total causal negligence. At the same time the jury found Gretencord's causal negligence to be 17% of the total causal negligence. Therefore, under K.S.A. 60–258a plaintiff would not have been able to recover against Gretencord. Under the law enunciated in *Gaulden,* and because the Union Pacific's right of comparative implied indemnity is predicated on the actual legal liability of Gretencord to plaintiff, we conclude that defendant and third party plaintiff Union Pacific is precluded from recovering against Gretencord. *Ellis,* 231 Kan. at 191, 643 P.2d 158. Accordingly, Gretencord's motion to alter or amend judgment is granted.

Union Pacific must bear the entire burden of plaintiff's damages which were determined to be $42,095.06. *Gaulden,* 232 Kan. at 214, 654 P.2d 383, 45 U.S.C. § 51 *et seq.*

IT IS, THEREFORE, BY THE COURT ORDERED that the motion (Doc. 92) of third party defendant Michael Gretencord, d/b/a Penn's Apco, to amend or alter judgment, pursuant to Fed.R.Civ.P. 59(e), is granted.

IT IS FURTHER ORDERED that the Judgment on Jury Verdict (Doc. 88) be amended to reflect that judgment is entered in favor of third party defendant Michael Gretencord, d/b/a Penn's Apco, against defendant and third party plaintiff Union Pacific Railroad Company.

IT IS SO ORDERED.