**James Harold WILMER, Jr., Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, Defendant.**

**Civ. A. No. 91–2265–GTV.**

United States District Court,
D. Kansas.

Oct. 31, 1994.

Arthur R. Stirnaman, Chapman, Waters & Baxter, John L. White, Law Offices of John L. White, Leavenworth, KS, for plaintiff.

Robert D. Beall, Davis, Beall, McGuire & Thompson, Chtd., David C. VanParys, County Counselor, Leavenworth, KS, for defendant.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on the following motions:

Plaintiff's motion for an order in mandamus filed on September 1, 1994 (Doc. 175); and

Plaintiff's motion for an order requiring payment of judgment by defendant filed on October 12, 1994 (Doc. 179).

The court held a hearing on these motions on October 24, 1994, and at the conclusion of the hearing announced its order that the defendant satisfy the judgment in this case on or before December 23, 1994, by issuing no-fund warrants, temporary notes, or general obligation bonds pursuant to K.S.A. 75–6113. This Memorandum and Order will serve to further explain the court's rationale and to memorialize the court's ruling.

### I. Background

Some background information is necessary in order to understand the issues confronting the court in this case. Plaintiff was injured on March 26, 1989, in a motorcycle accident on a county road located in Leavenworth County, Kansas. In a diversity jurisdiction personal injury action, plaintiff alleged that defendant Leavenworth County's (the County) negligent maintenance was the proximate cause of the accident and his injuries. Two jury verdicts in favor of plaintiff were set aside. The case was tried to a jury for the third time from August 16, 1993, to August 20, 1993. The jury found the defendant 65% at fault, yielding a judgment for the plaintiff in the amount of $638,457.30.

After entry of judgment on August 20, 1993, defendant moved for a new trial. The court denied the motion and defendant filed a timely notice of appeal on November 5, 1993. In response to plaintiff's motions to require defendant to satisfy the judgment or post a supersedeas bond and defendant's motion to stay the proceedings enforcing payment of the judgment, the court on November 19, 1993, entered an order granting defendant's motion for a stay of enforcement upon the filing of a supersedeas bond on or before December 20, 1993.

Defendant failed to post a bond by that date, and on December 29, 1993, the court denied defendant's motion for reconsideration and entered an order in mandamus requiring the defendant to satisfy the judgment by paying the full judgment amount plus interest on or before January 17, 1994. Defendant appealed this decision on January 10, 1994, and the Tenth Circuit temporarily stayed this court's order in mandamus. Also on January 10, 1994, the defendant filed a motion for reconsideration of the court's order in mandamus. In its motion for reconsideration, defendant stated that it was willing to post a supersedeas bond as a condition for the court granting the motion for reconsideration. On February 4, 1994, the court granted defendant's motion and withdrew the order in mandamus provided that defendant post a supersedeas bond on or before February 15, 1994. On February 9, 1994, apparently without notice of this court's ruling on defendant's motion to reconsider, the Tenth Circuit issued an order continuing the January 14, 1994, stay order pending further disposition by the appellate panel on the merits of the appeal.

After defendant failed to post the supersedeas bond by the February 15 deadline, plaintiff filed a motion for an order finding defendant in contempt. In response, the court again, on March 21, 1994, ordered defendant to post a supersedeas bond on or before April 5, 1994, and ruled that failure to do so would result in the court finding defendant in civil contempt of court. The Tenth Circuit then granted defendant's motion to stay the court's March 21, 1994, order.

On August 26, 1994, the Tenth Circuit entered an Order and Judgment affirming the jury verdict and judgment 28 F.3d 114. The Order and Judgment further instructed defendant to "immediately begin the steps necessary to ensure a swift satisfaction of the $638,457.30 plus interest judgment pursuant to the levy procedures in K.S.A. 19–108. The trial court has full discretion to monitor the

situation to ensure quick and good faith compliance with this mandate." Order and Judgment at 2–3.

## II. Current Status of the Judgment

On October 24, 1994, the court heard testimony and argument related to the plaintiff's motions to compel the defendant to pay the judgment. The court makes the following findings of fact based on the testimony of George L. Sprague, Jr., County Commissioner and Chairman of the Board of County Commissioners, and other evidence presented at the hearing.

1. Although now insured, the County was self-insured at the time of plaintiff's accident and therefore is not insured for this judgment. The County does maintain risk management and special liability funds which are available to pay judgments. The unencumbered balances in those accounts as of September 30, 1994, total $198,594.49. Other than the judgment in this case, there are no judgments now pending against the County.

2. The County has done nothing to budget or allocate funds for the payment of this judgment, either before or after the County received the Tenth Circuit's order affirming the judgment.

3. In December, 1993, the County filed with this court a pleading in which it stated that, if judgment is finally entered in favor of the plaintiff, the County could under the authority of K.S.A. 75–6113 issue a temporary note to satisfy the judgment and that such process could be accomplished within a 30–day period. Since that time there has been no change in the County's creditworthiness and nothing has happened that would prohibit the County from issuing such a note.

4. Kansas statute requires county commissioners to meet on the first Monday of August of each year to determine the amount of money to be raised by tax. K.S.A. 79–1802. The amount of ad valorem tax to be levied must be certified to the county clerk on or before August 25 of each year. K.S.A. 79–1801. Since the Leavenworth County Board of County Commissioners took no action this year, the earliest that a tax levy to satisfy the judgment in this case could be certified to the county clerk is August, 1995.

The tax that would include such a levy would be due in two installments, with one-half due on or before December 20, 1995, and the other half due on or before June 20, 1996. K.S.A. 79–2004, 79–2004a.

## III. Plaintiff's Motions

Plaintiff's September 1, 1994, motion (Doc. 175) requests the court to issue an order in mandamus requiring defendant to satisfy the judgment by issuing no-fund warrants, temporary notes, or general obligation bonds as authorized by K.S.A. 75–6113. In his second motion (Doc. 179), filed October 12, 1994, plaintiff requests the court to enter an order requiring the County to pay the full judgment within 30 days, the same terms that the defendant proposed in its December, 1993, pleading. After reviewing the relevant facts and law, the court finds that plaintiff's motions should be granted in the manner set forth below.

■ The County has repeatedly misrepresented its position to this court. On November 19, 1993, the court entered an order to stay enforcement of the judgment upon the County's filing of a supersedeas bond. The County filed a motion for reconsideration of that order on December 6, 1993. In its memorandum in support of the motion, the County argued that it should not be required to post a supersedeas bond because "K.S.A. 75–6113 would reduce the collection process, if judgment is finally entered in favor of plaintiff, to the simple process of the issuance of a temporary note of the County. Such processes are routinely done by counties and, based upon the recent experience of Leavenworth County in issuing such notes, can be accomplished well within a 30–day period. Leavenworth County has an assessed valuation of approximately 243 million dollars and the Kansas Tort Claims Act, [K.S.A.] 75–6101 *et seq.* exempts temporary notes issued to satisfy such judgment from any tax lid authority. *The Court should have a high degree of confidence that funds would quickly be available to pay any final judgment in this matter.*" Memorandum in Support of Defendant's Motion for Reconsideration (Doc. 138) at 2 (emphasis added).

As the procedural maneuvering transpired, the County was never required to post a supersedeas bond. Despite the County's assurances to this court that funds would be quickly available to pay any final judgment, the County now contends that funds will not be available to fully satisfy the judgment until June, 1996, almost three years after the jury verdict and judgment, two years after the Tenth Circuit's decision affirming the judgment, and over seven years after plaintiff's accident.

After the County failed to post a supersedeas bond pursuant to the court's November 19, 1993, order, the court entered an order in mandamus requiring the County to satisfy the judgment by paying the full amount on or before January 17, 1994. On January 10, 1994, the County filed a motion for reconsideration of the court's order. In that motion, the County represented to the court that it would post a supersedeas bond if the court granted the motion for reconsideration and withdrew the order in mandamus. The court granted the County's motion on February 15, 1994, but the County never posted a supersedeas bond as it had stated. Instead, the County relied on the Tenth Circuit's continuation of an earlier stay order to argue that it was not required to post the bond.

Since the time of the jury verdict and entry of judgment on August 20, 1993, the County has utilized every available tactic to avoid paying, or providing security for the payment of, this judgment. During this period the County has neglected to make any preparations or establish any contingency plan for the ultimate payment of the judgment.

The County argues that the Tenth Circuit opinion gave the court only the authority to order the County to levy taxes pursuant to K.S.A. 19–108 in order to satisfy the judgment. According to the County, the issuance of notes or bonds pursuant to K.S.A. 75–6113 are discretionary acts and the court is without authority to order the County to take such actions. The County contends that the court can only order the judgment to be satisfied by means of a tax levy and since it is now past August 25, no tax can be levied this year. The County's position is as follows: "We refuse to pay this judgment until required to do so, and no court can require us to fully satisfy the judgment any time before June 1996."

The court is distressed that the County has been able to use the judicial system to shield it from paying a lawful judgment in a timely manner. The County assured the court that a supersedeas bond should not be required in this case because it could satisfy any judgment by issuing a temporary note, a routine process that can be accomplished within a 30–day period. During the pendency of the County's appeal, it obtained stays from the Tenth Circuit on two occasions, and presumably its assurance of quick payment entered into the court's decision to grant the stays. Now the County asserts that while it is able to satisfy the judgment in this manner, it will not do so. For the plaintiff, the 30–day period has turned into over 600 days. This level of misrepresentation to a court of law, perpetrated by elected officials holding a public trust, is not to be tolerated without comment by the court.

■ Fed.R.Civ.P. 69(a) provides: "The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought ..." A writ of mandamus in Kansas is a proper procedure to compel local officials to comply with the terms of a judgment. *See Steck v. City of Wichita*, 182 Kan. 206, 319 P.2d 852 (1958). K.S.A. 60–801 provides that "[m]andamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law."

The Kansas Supreme Court has held that a writ of mandamus "is discretionary with the court and a writ should not issue unless a respondent's legal duty is clear." *State ex rel. Stephan v. Kansas Racing Comm'n*, 246 Kan. 708, 716, 792 P.2d 971 (1990) (citing *Huser v. Duck Creek Watershed Dist. No. 59*, 234 Kan. 1, 4–5, 668 P.2d 172 (1983)). "The

only acts of public officials that the courts can control by mandamus are those strictly ministerial, meaning the public officer or agent is required to perform based upon a given set of facts, in a prescribed manner, in obedience to the mandate of legal authority, and without regard to his own judgment or opinion about the propriety or impropriety of the act to be performed." *Kansas Racing Comm'n,* 246 Kan. at 717, 792 P.2d 971 (citing *Arney v. Director, Kansas State Penitentiary,* 234 Kan. 257, 261, 671 P.2d 559 (1983)).

Payment of the judgment in this case is not a discretionary act, but rather one that the County Commission is required to perform "in obedience to the mandate of legal authority." The issuance of an order in mandamus is the proper procedure to compel payment of the judgment in this case. Based on the County's delaying tactics and refusal to take any steps toward satisfying this judgment, the court is convinced that only an order in mandamus will result in payment to the plaintiff of his judgment, and does not interpret the Tenth Circuit's order as limiting the County's method of satisfying the judgment only to the tax levy process described in K.S.A. 19–108. The specific issue addressed in the Order and Judgment was whether this court's December 29, 1993, order in mandamus was contrary to Kansas statute. The appellate panel construed that order as based on K.S.A. 19–108 and, consistent with that statute, affirmed this court's ruling and ordered the County to immediately begin steps to satisfy the judgment pursuant to the levy procedures in K.S.A. 19–108. This ruling in no way precludes the district court from exercising its inherent power to aid in the execution of a judgment, and does not limit the County's options for satisfying the judgment to the tax levy procedures in K.S.A. 19–108.

The court must construe K.S.A. 19–108 together with K.S.A. 75–6113 of the Kansas Tort Claims Act which provides that: "Payment of any judgments ... may be made from any funds or moneys of the municipality which lawfully may be utilized for such purpose or if the municipality is authorized by law to levy taxes upon property such payment may be made from moneys received from the issuance of no-fund warrants, tem-

porary notes or general obligation bonds." Thus, the County is able to use available funds along with temporary notes or bonds to pay the judgment, and then under the authority of K.S.A. 19–108 can levy a tax to retire any notes or bonds issued to pay the judgment. Construing these statutes together, along with the mandate of the Tenth Circuit which requires the County to "immediately begin the steps necessary to ensure a swift satisfaction of the ... judgment," and gives this court "full discretion to monitor the situation to ensure quick and good faith compliance with this mandate," the court orders that the County satisfy this judgment on or before December 23, 1994, through the issuance of no-fund warrants, temporary notes, or general obligation bonds pursuant to K.S.A. 75–6113.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Leavenworth County satisfy the judgment in favor of plaintiff by paying the amount of $638,457.30, together with interest accrued from the date of judgment through the date of payment, to plaintiff on or before December 23, 1994, through the issuance of no-fund warrants, temporary notes, or general obligation bonds pursuant to K.S.A. 75–6113. Plaintiff's motions (Doc. 175 and 179) are granted to the extent consistent with this order.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**